IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MICHAEL B. STUCKEY,** | ) | |
| | ) | |
| **Petitioner/Defendant,** | ) | |
| | ) | **CIVIL NO. 05-cv-4209-JPG** |
| **vs.** | ) | |
| | ) | **CRIMINAL NO. 99-cr-40035** |
| **UNITED STATES of AMERICA ,** | ) | |
| | ) | |
| **Respondent/Plaintiff.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme]

Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 1079 (2003). *See* Supreme Court Rule 13 ("a petition for writ of certiorari to review a judgment in any case, civil or criminal, . . . , is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

In the instant case, Petitioner was sentenced on January 27, 2000. He did not file a direct appeal; therefore, for purposes of § 2255, his conviction became final on February 10, 2000, *see* FED.R.APP.P. 4(b)(1)(A), and he needed to file his § 2255 motion by February 10, 2001. However, Petitioner did not file the instant motion until November 17, 2005, almost four years too late.

None of the exceptions to the statute of limitations can alter this finding. Petitioner's basis for this action is the rule "newly recognized" in *United States v. Booker*, 125 S.Ct. 738 (2005). However, the Seventh Circuit already has held that this ruling does not apply retroactively to convictions that were final prior to the *Booker* decision. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

Therefore, this § 2255 motion is barred by the statute of limitations, and this Court lacks jurisdiction to entertain the motion. Accordingly, the motion is **DENIED**, and this action is **DISMISSED**. Dismissal is *without prejudice* to Petitioner filing a new § 2255 motion, *if* the United States Supreme Court announces that *Booker* applies retroactively on collateral review.

**IT IS SO ORDERED.**

**Dated: November 29, 2005**

                                                                                                      **s/ J. Phil Gilbert**
                                                                                                       **U. S. District Judge**